1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ERMILIO RODRIGUEZ MORALES,      ) 1:13-cv—00683-BAM-HC
                                   )
10              Petitioner,        ) ORDER SUBSTITUTING ACTING WARDEN
                                   ) FRED FOULK AS RESPONDENT
11                                 )
        v.                         ) ORDER DISMISSING THE PETITION
12                                 ) (DOC. 1) WITH LEAVE TO FILE A
   FRED FOULK, Warden,             ) FIRST AMENDED PETITION NO LATER
13                                 ) THAN THIRTY (30) DAYS AFTER
                Respondent.        ) SERVICE OF THIS ORDER
14                                 )
   _____) ORDER DIRECTING THE CLERK TO SEND
15                                   PETITIONER A BLANK PETITION FORM

16                                 **FILING DEADLINE: THIRTY (30) DAYS**

17

18       Petitioner is a state prisoner proceeding pro se and in

19  forma pauperis with a petition for writ of habeas corpus pursuant

20  to 28 U.S.C. § 2254.  The matter has been referred to the

21  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

22  Rules 302 and 303.  Pending before the Court is the petition,

23  which was filed on April 4, 2013, and transferred to this Court

24  from the United States District Court, Central District of

25  California, on May 9, 2013.

26       I.  Substitution of Respondent

27       Before the case was transferred, the Respondent was directed

28  to respond to the petition.  On May 6, 2013, Respondent filed a

motion to dismiss the petition for lack of jurisdiction or, in
the alternative, to transfer the petition to this Court because
Petitioner was convicted in the Superior Court of the State of
California, County of Kern, a trial court that is located within
the territory of this district.  In the motion, the Respondent
stated that although Petitioner failed to name a respondent other
than "Warden," Fred Foulk is the acting warden at High Desert
State Prison, where Petitioner is currently incarcerated. (Doc.
5, 1, n.1.)

Fed. R. Civ. P. 25(d) provides that when a public officer
who is a party to a civil action in an official capacity dies,
resigns, or otherwise ceases to hold office while the action is
pending, the officer's successor is automatically substituted as
a party.  It further provides that the Court may order
substitution at any time, but the absence of such an order does
not affect the substitution.

Here, it is clear that in responding to the petition,
Respondent waived any objection to jurisdiction over the
Respondent.  Respondent further confirmed that the acting warden
at Petitioner's institution of confinement in Warden Fred Foulk.

Accordingly, it will be ordered that Warden Fred Foulk be
substituted as Respondent.

II.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United
States District Courts (Habeas Rules) requires the Court to make
a preliminary review of each petition for writ of habeas corpus.
The Court must summarily dismiss a petition "[i]f it plainly
appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is serving a twenty-five-year sentence imposed in the Kern County Superior Court on December 17, 2010, for violating Cal. Pen. Code §§ 288a(c)(2), 288(a)(b)(2), and 288(c)(1). Petitioner alleges the following claims: 1) "SINCE RECANTATIONS RESULT IN REVERSAL PROCEEDING

3

DECLARATION FROM SELINA SHOULD SEEK A STOLL EVALUATION HEARING

ACTUAL INNOCENCE" (doc. 1, 3); 2) "TO BE SUPPRESSION OF EVIDENCE

WHICH CAN BE SUPPORTED BY THE FACTS WHICH ARE BEING PRESENTED IN

THE COURT" (id.); and 3) "MS SINGH DID NOT PRESERVE THE ISSUE ON

THE CREDIBLE IN HER TESTIMONY" (id. at 4).

Petitioner states supporting facts for each of these claims.
The facts stated in support of the first claim were that
Petitioner's trial attorney was ineffective, and that due process
was violated under the sentencing guidelines that should have
been dismissed for reasons relating to expert or forensic
evidence.  (Id. at 3.)

The facts supporting the second claim are that petitioner's
appellate attorney agreed with a defense expert's assessment that
forensic evidence was insufficient to establish guilt beyond a
reasonable doubt, but that the law gives this determination to
the jury.  (Id.)

The supporting facts for the third claim are as follows:

THE PROSECUTIONS EXPERT GAVE AN OPINION OF THE FORENSIC
THAT EXPERTS SAID YOU DIDN'T DO IT THIS SHOULD HAD BEEN
SUPPRESS AND THE MOTION TO BE SET FOR A NEW TRIAL AND FOR
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL TO BE UPHELD ON];
THE MAJOR POINT OF ALL THE LACK OF EVIDENCE WHICH DIDN'T
SUPPORT THE CLIAM (sic).

(Id. at 4.)

The notice pleading standard applicable in ordinary civil
proceedings does not apply in habeas corpus cases; rather, Habeas
Rules 2(c), 4, and 5(b) require a more detailed statement of all
grounds for relief and the facts supporting each ground; the
petition is expected to state facts that point to a real
possibility of constitutional error and show the relationship of

the facts to the claim.  Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d at 420.  This is because the purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition.  Mayle v. Felix, 545 U.S. at 655.  Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Petitioner's statement of his claims is uncertain.  With respect to Petitioner's first claim, the recantation is not identified; further, it is unclear what conduct of Petitioner's trial attorney is the basis of the claim or whether the conduct relates to trial proceedings or the sentencing.  With respect to Petitioner's second claim, it is unclear what evidence was or was not suppressed or what aspect of the evidence, if any, was insufficient.  With respect to Petitioner's third claim, it is unclear what issue was not preserved or what testimony is referred to, and the nature and significance of any expert testimony is not clear.  In short, Petitioner has not clearly and simply set forth for each claim the legal basis of the claim and the facts supporting the claim.  Because the petition is so unclear and uncertain, it would be a futile act for the Court to direct the Respondent to file an answer to the petition.

1   However, it is possible that Petitioner could clearly and
2   simply state the legal bases and the supporting facts for each of
3   his claims.

4       Accordingly, the claims will be dismissed as uncertain, but
5   Petitioner will be given leave to file an amended petition with
6   respect to the claims.

7       III.   Amendment of the Petition

8       The instant petition must be dismissed for the reasons
9   stated above.  Petitioner will be given an opportunity to file a
10  first amended petition to cure the deficiencies.  Petitioner is
11  advised that failure to file a petition in compliance with this
12  order (i.e., a completed petition with cognizable federal claims
13  and the supporting facts clearly stated and with exhaustion of
14  state remedies clearly stated) within the allotted time will
15  result in the dismissal of the petition and the termination of
16  the action.

17      Petitioner is advised that the amended petition should be
18  entitled, "First Amended Petition," and it must refer to the case
19  number in this action.  Further, Petitioner is informed that
20  Local Rule 220 provides that unless prior approval to the
21  contrary is obtained from the Court, every pleading as to which
22  an amendment or supplement is permitted shall be retyped or
23  rewritten and filed so that it is complete in itself without
24  reference to the prior or superseded pleading.

25      IV.   Disposition

26      Accordingly, it is ORDERED that:

27      1)   The Clerk is DIRECTED to substitute as Respondent in
28  this action Warden Fred Foulk; and

2)   The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:** __**June 25, 2013**__         _____**/s/ Barbara A. McAuliffe**_____
                                         UNITED STATES MAGISTRATE JUDGE