**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERMILIO RODRIGUEZ MORALES,<br><br>Petitioner,<br><br>v.<br><br>FRED FOULK, Warden,<br><br>Respondent. | Case No. 1:13-cv-00683-BAM-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE FIRST AMENDED PETITION (DOC. 21) AND DISMISSING THE FIRST AMENDED PETITION WITHOUT PREJUDICE (DOC. 17)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on July 3, 2013, and on behalf of Respondent on June 28, 2013.

Pending before the Court is the Respondent's motion to dismiss the first amended petition (FAP), which was served on Petitioner and filed on October 24, 2013, along with supporting documentation.

Although the time for filing opposition to the motion has passed, no opposition was filed by Petitioner.

Respondent moves to dismiss the petition because Petitioner failed to exhaust state court remedies as to the claims stated in the FAP.

I. Proceeding by a Motion to Dismiss the Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. See, Hillery, 533 F. Supp. at 1194 & n.12.

In this case, Respondent's motion to dismiss addresses the Petitioner's failure to exhaust state court remedies. The material facts pertinent to the motion are to be found in copies of the

official records of state judicial proceedings which have been provided by the parties and as to which there is no factual dispute.

Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II. Background

A jury convicted Petitioner of forcible oral copulation, oral copulation by a person over age twenty-one on a person under age sixteen, and committing a lewd act on a child fourteen or fifteen years old while being at least ten years older than the minor. In a bifurcated proceeding, the court found that Petitioner had suffered a prior serious felony conviction for assault with a deadly weapon that supported enhancement under the three strikes law as a prior serious felony conviction, as well as five prior prison term enhancements. The trial court sentenced Petitioner to a determinate term of twenty years in prison. (Lodged Doc. (LD) 1 at 2-3.) The Court of Appeal of the State of California, Fifth Appellate District (CCA) affirmed affirmed the judgment. (LD 1.) The California Supreme Court (CSC) denied Petitioner's petition for review of the CCA's decision summarily without a statement of reasoning or citation of any authority. (LD 7, LD 8.)

Petitioner filed his initial habeas petition in this proceeding on April 4, 2013, and his FAP on September 6, 2013. In the FAP, Petitioner raises the following claims: 1) in view of the DNA evidence presented at his jury trial on charges of oral copulation, the evidence was insufficient to support his convictions because it raised a reasonable doubt as to guilt under instruction 2.01 regarding circumstantial evidence; 2) Petitioner's rights to due process and equal protection of the laws were violated because based

on the DNA evidence and the instruction on circumstantial evidence, the evidence was insufficient to support guilt or to corroborate the victim's testimony; and 3) the prosecution suppressed material favorable evidence by not performing forensic tests on several labial swabs and not informing the defense that the evidence had not been tested. (FAP, doc. 17, 4-11.)[1]

III. Failure to Exhaust State Court Remedies

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a

[1] In the motion, Respondent states that Petitioner appears to allege the ineffective assistance of trial counsel for failing to present expert evidence of Petitioner's innocence, the insufficiency of the forensic evidence to establish guilt, and the ineffective assistance of trial counsel for failing to suppress an opinion given by the prosecutor's expert. (Doc. 21, 2:16-19.) There is some uncertainty with respect to the statement of the claims. However, with the exception of the second claim concerning the insufficiency of the evidence, reference to the FAP does not support Respondent's assertions concerning the claims raised by Petitioner.

full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule

further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
>
> ...
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Rasberry, 448 F.3d at 1154.

Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is established that it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Here, in his petition for review filed in the CSC, Petitioner raised two claims: 1) the trial court abused its discretion when it failed to weigh all relevant factors in deciding whether to strike the prior offense allegation under the three strikes law; and 2) his sentence constituted cruel and unusual punishment. (LD 7 at i, 2-9.) Thus, in the course of direct review, Petitioner did not present to the state's highest court the claims that he seeks to raise in the present federal petition. Further, a search of the official website of the California Supreme Court reflects no information that would tend to show that Petitioner has presented his claims to the CSC in the course of seeking collateral relief.[2]

Therefore, the Court concludes that Petitioner has failed to meet his burden to establish exhaustion of state court remedies, and

---

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010). The address of the official website of the California state courts is www.courts.ca.gov.

that Respondent's motion to dismiss the petition should be granted.

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. at 483-84.

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good

faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

V. Disposition

Accordingly, it is ORDERED that:

1) Respondent's motion to dismiss the petition is GRANTED; and

2) The petition is DISMISSED without prejudice [3] for failure to

---

[3] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred by the prohibition against filing second habeas petitions set forth in 28 U.S.C. § 2244(b) from returning to federal court after Petitioner exhausts available state remedies. See, In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court, Duncan v. Walker, 533 U.S. 167, 172 (2001). By dismissing this petition without prejudice, the Court is not making any determination of timeliness of this petition or any petition filed in the future.

Further, the Supreme Court has held as follows:

> [I]n the habeas corpus context is would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

exhaust state court remedies; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: **February 5, 2014**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE